UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASMANY SUAREZ LOPEZ,<br><br>                              Petitioner,<br><br>v.<br><br>SIXTO MARRERO, in his official capacity as Warden of the Imperial Regional Detention Facility; DANIEL A. BRIGHTMAN, in his official capacity as Field Office Director, ICE San Diego Field Office; MARKWAYNE MULLIN, in his official capacity as Secretary of the United States Department of Homeland Security,<br><br>                              Respondents. | Case No.: 3:26-cv-2077-JES-VET<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; and**<br><br>**(2) DENYING AS MOOT THE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[ECF Nos. 1, 2]** |

Before the Court is Petitioner Yasmany Suarez Lopez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, and Motion for Temporary Restraining Order ("TRO"). ECF Nos. 1, 2. Pursuant to the Court's Order to Show Cause (ECF No. 3.), Respondents (the "Government") filed the Return. ECF No. 6, ("Ret."). For the reasons set forth below, the Court **GRANTS** the Petition.

1

## I.    BACKGROUND

Petitioner, a native and citizen of Cuba, entered the United States on or about August 12, 2021. Pet. ¶ 37. Upon entry, Petitioner was processed by immigration authorities and released on his own recognizance, without the initiation of removal proceedings. *Id.* ¶¶ 38, 41. For nearly five years, Petitioner remained continuously present in the United States, complied with all conditions of his release, maintained valid employment authorization, and worked as a licensed commercial truck driver. *Id.* ¶¶ 39, 43–45. He filed a timely affirmative asylum application in October 2021 and a subsequent application for adjustment of status under the Cuban Adjustment Act, both of which remain pending. *Id.* ¶¶ 40, 42. He has no criminal history and resides with his partner, with whom he has a U.S. citizen child, and serves as the households' sole financial provider. *Id.* ¶¶ 46–49.

On March 13, 2026, Immigration and Custom Enforcement officers approached Petitioner while he was parked and resting at a truck stop in Indio, California. *Id*. ¶¶ 50–52. Officers asserted that Petitioner was not permitted to operate a commercial vehicle based on his immigration status, placed him in custody, and served him with a Notice to Appear—initiating removal proceedings for the first time. *Id.* ¶¶ 53–54.

Petitioner has since been detained at the Imperial Regional Adult Detention Facility in El Centro, California, without a bond hearing, without an individualized custody determination, and without being informed of the statutory basis for his detention. Pet. ¶¶ 56–57. He seeks habeas relief in the form of immediate release or a constitutionally adequate bond hearing before a neutral decisionmaker. *Id.* ¶¶ 161–167.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.   DISCUSSION

In response to the Petition, the Government concedes that Petitioner was previously released from immigration custody on conditional parole. Ret. at 2. But fails to address whether it properly terminated Petitioner's conditional parole under 8 C.F.R. § 212.5(e)(2). *Id*. Instead, the Government merely maintains that Petitioner is subject to mandatory detention under § 1225(b)(2). *Id*.

The Court finds that the issues implicated by the Petition—namely, the court's jurisdiction and whether the Government lawfully revoked a noncitizen's parole when it re-detained them—have previously been addressed by the undersigned in, *Gergawi v. Larose*. No. 3:25-CV-3352-JES-MMP, 2025 WL 3719321, at *2-4 (S.D. Cal. Dec. 23, 2025). Thus, the Court elects to follow the reasoning stated in *Gergawi* and incorporates it by reference. *Id*.

### A.   Jurisdiction

While the Government does not contest the Court's jurisdiction over this matter, the Court finds it prudent to ensure it may hear this Petition. *See generally* Ret. Accordingly, the Court finds that 8 U.S.C. § 1252's jurisdiction stripping provisions do not bar this Court from considering Petitioner's claims. *See Martinez Lopez v. Noem et al.*, No. 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025). Thus, the Court holds that it has jurisdiction over this action.

//

//

//

**B.      Procedural Due Process**

In *Gergawi*, the Court—like numerous others in this Circuit—found that the Government may only revoke a noncitizen's conditional parole, after first providing them with notice and an opportunity to be heard regarding alleged changed circumstances showing them to be dangerous or a flight risk. 2025 WL 3719321, at *3-4; *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (finding same).

It is undisputed that Respondents voluntarily chose to grant Petitioner conditional parole, after he entered the country in 2021. Pet. ¶ 37; Ret. at 2. The Court, thus, finds that in doing so, Respondents created Petitioner's liberty interest in remaining out of immigration custody. *See Gergawi*, 2025 WL 3719321, at *3-4; *see also Pinchi*, 792 F. Supp. 3d at 1032.

Petitioner claims that the Government did not conduct a case-by-case assessment of whether changed circumstances exist that warrant the revocation of his parole, prior to it recently detaining him. Pet. ¶ 3. Nor did it provide Petitioner with any notice of its intent to undertake such activity. *Id*. Petitioner argues, therefore, the Government failed to follow the applicable statutory and regulatory provisions to terminate his parole. *Id*. ¶ 6. The Government does not contest these accusations and, thus, waives it right to do so. *See* Ret. at 2.

The Court finds that the Government failed to provide Petitioner with any notice or an opportunity to be heard prior to revoking his parole, when it re-detained him. This conduct falls short of what the Due Process Clause requires to protect such a liberty interest. *See Gergawi*, 2025 WL 3719321, at *3-4; *see also Pinchi*, 792 F. Supp. 3d at 1032.

As a result, the Government violated Petitioner's due process rights. *C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025); *Leiva Flores v. Albarran*, No. 25-cv-09302-AMO, 2025 WL 3228306, at *5; *Faizyan v. Casey*, No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 2025). Accordingly, the Court will order Petitioner's immediate release.

//

3:26-cv-2077-JES-VET

## IV.    CONCLUSION

For the reasons discussed above:

(1) The Court **GRANTS** Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241;

(2) Because the Court **GRANTS** the Petition and concludes that Respondents' revocation of Petitioner's parole violates procedural due process, Respondents are **ORDERED** to **IMMEDIATELY** release Petitioner from custody, subject to any conditions of his preexisting conditional parole;

(3) In light of its ruling on the Petition, the Court **DENIES AS MOOT** the Motion for TRO;

(4) Respondents are **ORDERED** to file a Status Report on or before **April 20, 2026**, confirming that Petitioner has been released; and

(5) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: April 15, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

3:26-cv-2077-JES-VET